IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PEGGY ANN TEMPLON, )
)
      Plaintiff, )
)
      v. )    Civil Action No. 17-84-J
)
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

O R D E R

AND NOW, this 5th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d

Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled under the Social Security Act based on two grounds. First, she contends that the ALJ failed to properly evaluate the medical opinion evidence in this matter. Next, she argues that the ALJ's assessment of her credibility was defective. The Court finds no merit in either of these positions and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff asserts that the ALJ should have given more weight to the opinion of her treating orthopedic surgeon, Michael C. Saltzburg, D.O. (R. 440-41, 443-46), than to that of James Caramanna, M.D. (R. 66-73), the state reviewing agent, in formulating her residual functional capacity ("RFC"). As Plaintiff correctly states, the ALJ gave little weight to Dr. Saltzburg's opinions, and greater weight to that of Dr. Caramanna. (R. 21-22). Plaintiff is also correct that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part). Although "the opinions of a doctor who has never examined a patient have

less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhart, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

In arguing that the ALJ erred in giving more weight to Dr. Caramanna's opinion than to Dr. Saltzburg's, Plaintiff raises a number of issues, including the fact that Dr. Caramanna, who rendered his opinion on August 5, 2014, did not have access to later record evidence, including Dr. Saltzburg's opinions. It is not unexpected, as Plaintiff acknowledges, for the record to contain evidence post-dating the state reviewing agent's opinion. Generally speaking, "there is always a time lapse between the consultant's report and the ALJ hearing and decision." Chandler, 667 F.3d at 361. What Plaintiff argues here is, not only that Dr. Saltzburg's later opinion was based on more and more recent evidence, but that Dr. Caramanna's opinion was of lesser significance because Dr. Caramanna did not have access to Dr. Saltzburg's later opinions. However, much like the fact that there is always a time lapse between an opinion and a hearing and decision, it is also generally true that medical opinions are not issued at the same time, meaning that earlier ones routinely are rendered without access to later ones. As in Chandler, it would simply ignore this basic fact to argue that earlier opinions are entitled to less weight than later ones for the mere fact that they were rendered first.

This case demonstrates the common chain of events in a case such as this. The state reviewing agent issued an opinion prior to the ALJ's involvement, and therefore before the record was complete. The treating physician issued opinions significantly later, but did not identify the parts of the record to which he had access, other than his own medical records, nor did he indicate that he was aware of Dr. Caramanna's opinion. Indeed, the opinions are, as the ALJ acknowledged, inconsistent with one another, and neither opinion references the other in any way. Accordingly, the ALJ determined the weight to be given to the opinions by looking at the consistency of each with the overall record, including the objective medical evidence, Plaintiff's conservative treatment history, and her activities of daily living. The ALJ discussed this evidence, including the very sparse clinical records

provided by Dr. Saltzburg (R. 448-49), at significant length.

It is also of note that Dr. Saltzburg himself in no way suggested that his opinion was meant to account for any changes in Plaintiff's condition between August 5, 2014, when the non-treating reviewer offered his opinion, and September 29, 2015, and November 1, 2016, when he offered his own. To the contrary, he claims that the limitations to which he opines began on October 14, 2013, which is the date on which Plaintiff alleges her disability began as the result of a motor vehicle accident. (R. 443). This is not, therefore, a situation where remand may be warranted because new material evidence was introduced between the date on which an opinion upon which an ALJ relies and the date on which the ALJ renders his or her decision. See Cadillac v. Barnhart, 84 Fed. Appx. 163, 168-69 (3d Cir. 2003); Grimes v. Colvin, 2016 WL 246963, at *2 (W.D. Pa. Jan. 21, 2016). Moreover, while there is in fact evidence to which Dr. Caramanna had no access, the ALJ was aware of and considered and discussed said evidence in weighing the opinions.

To the extent that Plaintiff invites the Court to adopt his own analysis as to which opinion is more consistent with the record as a whole, the Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Likewise, it is not enough that Plaintiff offers her own analysis as to how she believes the record is more consistent with Dr. Saltzburg's opinion. "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009). Plaintiff may disagree with the ALJ's analysis, and may even have some support for her position, but here the record does contain such substantial evidence to support the ALJ's decision that Dr. Caramanna's opinion is better supported by the record, and entitled to greater weight, than those of Dr. Saltzburg.

Plaintiff next argues that the ALJ incorrectly assessed the credibility of her testimony because he neglected to consider her consistent work history. The ALJ did find that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (R. 20). In so doing, the ALJ cited to the medical evidence of record and reported daily activities which he found supported a finding that Plaintiff's impairments reasonably may be expected to produce some limitations, but not to the extent claimed by Plaintiff. (R 20-21). While Plaintiff is correct that the ALJ did not, in making this determination, specifically reference her work history, it was not error not to do so in this case.

A claimant's testimony regarding her subjective pain and work capabilities is entitled to great weight where it is supported by competent medical evidence. Furthermore, when the claimant has worked for a long period of time, her testimony about

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 13) is DENIED, and Defendant's Motion for Summary Judgment (document No. 15) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:    Counsel of record

---

her work capabilities should be afforded substantial credibility. See Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979); Taybron v. Harris, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); Podedworny v. Harris, 745 F.2d 210, 217 (3d Cir. 1984). However, an ALJ does not err by failing to afford a claimant heightened credibility based *solely* on her work history. See Corley v. Barnhart, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. See id.

Here, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. Indeed, the ALJ discussed at significant length why he found that Plaintiff's subjective complaints were not consistent with the objective medical evidence and her treatment history and activities of daily living. Moreover, Plaintiff, subsequent to the accident that she alleges caused her disability, never attempted to return to work and, in fact, she told one of her physicians, Vincent Morgan, M.D., that she was not interested in doing so. (R. 349). Further, although Plaintiff has clearly worked most of her life, she seems to have worked significantly less in the several years prior to the accident. (R. 162-63). In fact, Plaintiff herself stated that she had been unemployed for four years (which would predate her accident) during the application process. (R. 38, 192). While none of this certainly hurts Plaintiff's credibility, it does indicate that her work history had limited relevance in regard to her credibility in this case.

The Court also notes that Plaintiff's work history was discussed at the hearing before the ALJ and is evidenced in the record, and was therefore known to the ALJ when he made his credibility determination. (R. 36-39, 194-201). Therefore, since the ALJ's credibility determination, despite not explicitly discussing Plaintiff's work history, is supported by substantial evidence, remand on this issue is unwarranted. See Vanatta v. Barnhart, 327 F. Supp. 2d 1317, 1321 (D. Kan. 2004).

Accordingly, the ALJ adequately explained the basis for his findings, and substantial evidence supports his decision. The Court therefore affirms.